```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Christopher L. Orkins,            :
        Plaintiff,                :
                                  :
        v.                        :     Case No. 1:09-cv-237
                                  :
Edward Dumas, Jason               :
Johnson, Officer Post,            :
Officer Tarbell, Officer          :
Prouty, Officer Garusso,          :
City of Rutland,                  :
        Defendants.               :


                         OPINION AND ORDER
                          (Docs. 6 and 14)

Plaintiff Christopher Orkins, proceeding *pro se*, brings this action claiming that he was beaten by members of the Rutland Police Department.  The defendants have moved to dismiss, arguing that the complaint is untimely.  Also pending before the Court is Orkins' motion to amend his complaint to supplement his prayer for relief.  For the reasons set forth below, the defendants' motion to dismiss (Doc. 6) is DENIED, and Orkins' motion to amend (Doc. 14) is GRANTED.

                         Factual Background

Orkins claims that on the morning of October 21, 2006, while walking toward his apartment, he was struck from behind by a Rutland police officer.  He allegedly fell to the ground unconscious, and when he regained consciousness a group of officers "began to kick and beat [him] all about [his] head and

body . . . ." (Doc. 4 at 2). He claims that he was treated for his injuries at Rutland Regional Medical Center. Id.

In his prayer for relief, Orkins contends that he presented his claims to an attorney on March 19, 2009, but that counsel "dropped" the case on October 16, 2009, "five days before my statu[t]e of limitations runs out which is October 21, 2009." Id. at 7. On October 21, 2009, Orkins filed in this Court a notice of *pro se* appearance and an application to proceed *in forma pauperis*, together with his proposed complaint. The Court granted the *in forma pauperis* motion on October 23, 2009, and the complaint was filed by the Clerk's Office that same day.

## Discussion

I. Motion To Dismiss

The defendants have moved to dismiss the complaint as untimely. For purposes of their motion, the defendants accept that the events in question took place on October 21, 2006, and that the relevant limitations period is three years. Consequently, a filing on October 21, 2009 would be timely. See Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998) (noting that limitations period expires on anniversary date of its start).

Orkins filed his initial papers, including the proposed complaint, on October 21, 2009. The complaint was filed by the Clerk's Office on October 23, 2009, after the Court granted the

*in forma pauperis* application.  See Dzaba v. Blyth Eastman Paine Webber, 1985 WL 199, at *2 (S.D.N.Y. Jan. 17, 1985) ("A complaint tendered IFP cannot technically be 'filed' until either leave to proceed IFP has been granted or the plaintiff has remitted the filing fee.")  The defendants consider October 23, 2009 as the date of "the filing of this lawsuit," and argue that the complaint was not timely filed.  (Doc. 6 at 3).

Contrary to the defendants' position, the law in this Circuit is that the statute of limitations is tolled so long as *in forma pauperis* papers and the proposed complaint are received by the Court within the limitations period.  See Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1988) (holding that "[a]t least when *in forma pauperis* relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period"); Galimore v. City Univ. of New York, 641 F. Supp. 2d 269, 280-81 (S.D.N.Y. 2009).  Accordingly, the effective date for purposes of satisfying the limitations period was October 21, 2009, the date on which Orkins filed his initial papers with the Court, and not the date on which the Court approved his *in forma pauperis* status and "filed" the complaint.  Toliver, 841 F.2d at 42.  The motion to dismiss the complaint as untimely is DENIED.

II. Motion To Amend Complaint

Orkins has moved to amend his complaint to add to his prayer for relief. Specifically, he seeks to add claims of "mental anguish" and ongoing physical injuries, as well as a claim for punitive damages. (Doc. 14-1). Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Orkins' motion is unopposed, and his initial complaint lacked a prayer for relief beyond a request for a jury trial. The Court therefore finds that, in the interest of justice, Orkins must be allowed to amend his complaint. The motion to amend is therefore GRANTED.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Doc. 6) is DENIED, and Orkins' motion to amend (Doc. 14) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of June, 2010.

/s/ J. Garvan Murtha
J. Garvan Murtha
Senior United States District Judge