UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CHRISTOPHER L. ORKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:09-cv-00237-jgm |
| | : | |
| EDWARD DUMAS, JASON JOHNSON, | : | |
| POST, TARBELL, PROUTY, | : | |
| GARUSSO, and CITY OF RUTLAND, | : | |
| | : | |
| Defendants. | : | |
| | : | |

RULING ON MOTION TO DISMISS
(Doc. 23)

I.   Introduction

Plaintiff Christopher Orkins (plaintiff or Orkins), proceeding pro se, brings this action claiming that he was beaten by members of the Rutland Police Department. Orkins' complaint sets forth state tort and federal constitutional claims against Rutland city police officers Dumas, Johnson, Post, Tarbell, and Prouty, and a claim against Garusso "for not interjecting [and] not upstanding his oath as a law enforcement police officer: To protect and serve the people." Doc. 4 ¶ 29 at 6. Defendant City of Rutland (the City) has moved to dismiss, arguing plaintiff has not alleged a sufficient federal claim against it and it is protected from suit under the doctrine of municipal immunity. Doc. 23. Orkins opposes the motion. Doc. 26. For the reasons set forth below, the City's motion to dismiss is granted.

II.     Background

For the limited purpose of ruling upon the pending motion to dismiss, the facts alleged in the complaint,[1] Doc. 4, will be accepted as true.  Orkins claims in the early morning of October 21, 2006, while walking toward his apartment, he was struck from behind by Rutland police officer Dumas.  He allegedly fell to the ground unconscious, and when he regained consciousness Dumas, as well as officers Prouty, Tarbell, Johnson, and Post, "began to kick and beat [him] all about [his] head and body . . . ."  Doc. 4 ¶ 5 at 2.  He claims he was treated for his injuries at Rutland Regional Medical Center.  Id. ¶ 7.

III.    Discussion

When deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the [pleading] itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court accepts the facts alleged in the pleading as true, draws all reasonable inferences in favor of the pleader, and dismisses only "if the facts as alleged are insufficient to raise a right to relief above the speculative level."  Price v.

---

[1] Plaintiff also filed a document titled "Amended Complaint" following this Court's Opinion and Order of June 9, 2010, Doc. 15, granting him leave to amend.  The document, docketed as an "Amendment to Complaint," contains only a prayer for relief.  Doc. 16.  Documents 4 and 16 together will be construed as the complaint.

N.Y. State Bd. of Elections, 540 F.3d 101, 107 (2d Cir. 2008) (citation and internal quotation marks omitted).

The Second Circuit encourages courts to act with "special solicitude" in cases involving a pro se party.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  Such solicitude focuses on construing pleadings and other submissions.  Id.  A pro se litigant is "not exempt [] from comply[ing] with relevant rules of procedural and substantive law."  Id. (citation omitted).

Assuming for the sake of argument Orkins' complaint alleges a claim against the City,[2] any such claim would be barred as a matter of municipal law.  Orkins' complaint makes no allegations the City of Rutland figured in the events at issue at all.  See Doc. 4.  In his opposition, however, Orkins argues he pays taxes to the City to ensure his civil rights are protected, Doc. 26 at 1, and the City fixes the compensation of all police department members, hires them to represent it, and administers an oath to the officers, id. at 2, "therefor[e the] City of Rutland should be held partly responsible for these police officers['] actions."  Id. at 3.

Municipalities and other local governments cannot be held liable under 42 U.S.C. § 1983 for the actions of their employees on the basis of respondeat superior.  Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997).  These entities will only be liable for unconstitutional acts by employees if the challenged action was performed pursuant to a municipal policy or custom that

---

[2] Plaintiff's complaint asserts five causes of action but the City of Rutland is named in the caption of the complaint only.  See Doc. 4.

caused the plaintiff's injury.  Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

A plaintiff need not show the municipality had an explicitly stated rule or regulation.  DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (citation omitted).  An inference a policy existed may be drawn from circumstantial proof, such as factual allegations the municipality was deliberately indifferent to the need to train, monitor, or supervise employees, or had notice of but repeatedly failed to make any meaningful investigation into charges that its agents were violating citizens' constitutional rights.  See id. 61-62 (citation omitted).  A single incident alleged in a complaint, however, "especially if it involved only actors below the policy-making level," is insufficient to support an inference of a municipal custom or policy.  Id. at 61 (citation omitted).

In this case, Orkins does not contend the alleged constitutional deprivation was caused by, or occurred pursuant to, an official custom or policy of the City of Rutland.  Instead, he alleges a single incident in which police officers beat him.  He makes no allegation of "a recurring pattern," or that the officers had been "the subject of complaints," Brewster v. Nassau County, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004), submitting only that the City "should be held partly responsible for these police officers['] actions."  Doc. 26 at 3.  Because he has failed to allege facts that would establish a municipal liability claim, the motion to dismiss Orkins' § 1983 claims against the City of Rutland is granted.

Interpreting plaintiff's complaint liberally, the Court finds it does not allege a state law claim against the City, which is mentioned only in the caption of the complaint. The City's argument based on municipal immunity misses the mark as the state law claims alleged against the individual defendants are intentional torts, not negligence.

IV.    Conclusion

For the reasons set forth above, the City's motion to dismiss, Doc. 23, is granted, and all purported claims against the City of Rutland are dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of October, 2010.

/s/ J. Garvan Murtha  
Honorable J. Garvan Murtha  
Senior United States District Judge