```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT
```

Christopher L. Orkins,            :
       Plaintiff,                 :
                                  :
       v.                         :      File No. 1:09-cv-237-jgm
                                  :
Edward Dumas, Jason Johnson,      :
Officer Post, Officer             :
Tarbell, Officer Prouty,          :
Officer Garusso, City of          :
Rutland,                          :
       Defendants.                :

ORDER
(Doc. 59)

Plaintiff Christopher Orkins, proceeding *pro se*, brings this action claiming he was beaten by members of the Rutland Police Department. Before the Court is Orkins' motion requesting that the Court pay for transcripts of all depositions taken in the case.

The Court has allowed Orkins to proceed in this case *in forma pauperis*. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes indigent persons to file suit without prepayment of the filing fee. It does not authorize payment of deposition-related costs such as stenographers or copying costs. See Morgan v. Murphy, 2011 WL 2681148, at *1 (D. Conn. July 8, 2011); Murray v. Palmer, 2006 WL 2516485, at *4 (N.D.N.Y. Aug. 29, 2006)("a litigant proceeding *in forma pauperis* does not have a right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of

Civil Procedure, or (3) the copying cost of any deposition transcripts.")(footnotes omitted); Smith v. Buffalo Bd. of Educ., 1997 WL 613255, at *2 (W.D.N.Y. Oct. 2, 1997) (denying *in forma pauperis* plaintiff's request that the court bear the cost of deposition transcripts).

"As the United States Supreme Court has made clear, the federal government may be directed to pay the litigation expenses of *in forma pauperis* litigants only when there is an express authorization for the particular expense at issue." Smith, 1997 WL 613255, at *2 (citing United States v. MacCollom, 426 U.S. 317, 321 (1976)).  Because "neither 28 U.S.C. § 1915 nor any other statute authorizes this Court to direct payment for deposition transcripts," Orkins' motion (Doc. 59) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of August, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge